O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| EDGAR HUGO HYLDE ROCHA LUMBRERAS, § § | |
| Petitioner, § | |
| v. § | Civil Action No. 5:08-cv-55 |
| § | Criminal Case No. 5:07-cr-216-1 |
| UNITED STATES OF AMERICA, § § | |
| Respondent. § | |

**OPINION AND ORDER**

Now before the Court is a Motion by Edgar Hugo Hylde Rocha-Lumbreras ("Rocha") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. [Dkt. No. 4].[1] Rocha filed the Motion by mailing it from his place of confinement on April 29, 2008. [Dkt. No. 4 at 8].[2] However, because Rocha has validly waived his right to file such motion, the Court may not consider it, except insofar as Rocha alleges that he was deprived of his right to appeal. On this limited issue, the Court will order an evidentiary hearing, as set forth herein.

**I. RELEVANT FACTS AND PROCEDURE**

Rocha pleaded guilty on April 10, 2007 to one count of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2, knowingly and intentionally possessing with intent

---

[1] "Dkt. No." refers to entries in the Court's electronic filing system. "Crim. Dkt. No." refers to entries in the underlying conviction, in Criminal Case No. L-07-216-1. Rocha also moved to appear *in forma pauperis*. [Dkt. No. 4-2]. Such motion is unnecessary, and is **DENIED as moot**. *See* 28 U.S.C. § 2255 Rule 3, adv. comm. notes ("There is no filing fee required of a movant under these rules.").

[2] Rocha originally attempted to file a similar motion with the Court on April 23, 2008. [*See* Dkt. No. 1]. However, the Court conditionally struck such motion, as it was not signed under penalty of perjury. [Dkt. No. 2]; *see* 28 U.S.C. § 2255 Rule 2(b)(5). The re-filed motion complies with Rule 2(b)(5).

to distribute in excess of five kilograms of cocaine.  Rocha's plea agreement contained the following provisions:

> 10.   In exchange for the concessions made by the Government in this agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever.  **Such waiver expressly includes, and Defendant expressly agrees not to file, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to any statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C. § 2255**.
>    In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255.  Understanding this, Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

[Crim. Dkt. No. 16 ¶ 10 (underlining and bold as in original)].  On July 12, 2007, Rocha was sentenced to sixty-three months of imprisonment.  Judgment was entered on July 18, 2007.  [Crim. Dkt. No. 24].  At all times, Rocha was represented by John Paul of the Federal Public Defender's office.

## II.   DISCUSSION

Rocha alleges that he was denied effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution.  He also alleges that the Court imposed an illegal sentence.  Finally, Rocha alleges that his attorney did not file an appeal, contrary to his request.  The Court finds that the terms of Rocha's plea agreement preclude consideration of such claims, except the claim that Rocha was denied his right to appeal.

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* The court must liberally construe Rocha's claims. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (per curiam).

### B. Waiver of Right to Appeal and Collateral Attack

A defendant may waive his right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila*, 258 F.3d 448, 451-52 (6th Cir. 2001); *see United States v. Bond*, 414 F.3d 542 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to waiver of appeal). A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. However, when a petitioner does not allege, and the record bears

no indication, that ratification of the plea agreement was involuntary, the defendant will be held to the bargain he made—the court need not presume that the waiver was ineffective. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *Bond*, 414 F.3d at 544 (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)).

If effective, the plain waiver language of Rocha's plea agreement would preclude consideration of the motions now before the Court, for these collaterally attack Rocha's sentence and detention. *See Bond*, 414 F.3d at 544 (noting that the waiver must apply to the circumstances at hand, based upon the plain language of the agreement). A careful review of Rocha's filings reveals no allegation that his waiver of collateral attack was unknowing or involuntary. Therefore, the Court concludes that it may not examine the merits of Rocha's claims, with the limited exception, as the Court will presently discuss, of whether Rocha's attorney failed to file a notice of appeal.

### C. Ineffective Assistance for Failure to Appeal

Ineffective assistance constitutes a violation of the Sixth Amendment right to counsel, a claim permitted under § 2255. To prove ineffective assistance, the petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing deficient performance, a court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689. Under the prejudice requirement, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1992) (requiring that a defendant show that counsel's errors deprived the accused of a

substantive or procedural right, thereby rendering the trial proceedings unfair or the result unreliable).

An attorney's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance of counsel, even without a showing that the appeal would have had merit. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Regarding the first *Strickland* prong, if the attorney knows that the defendant wishes to appeal, he must perform the ministerial task of filing the notice of appeal, or his performance will be deemed to be objectionably unreasonable. *Id.* In broader terms, any act which constructively denies the defendant his right to appeal altogether will be deemed unreasonable. *Id.* 483. Regarding the second *Strickland* prong, the defendant shows prejudice if he "demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. This rule applies even where a defendant has waived his right to direct appeal and collateral review. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id.*

Rocha claims that his attorney "refused to file the appeal for me." [Dkt. No. 4 at 5]. As the Court is obligated to liberally construe Rocha's petition, it will deem this cursory statement an allegation of denial of the right of appeal, which suffices to allege both unreasonable performance and prejudice as required under *Strickland*. *See Flores-*

*Ortega*, 528 U.S. at 483-86; *Tapp*, 491 F.3d at 265-66. Thus, the Court believes that an evidentiary hearing is required. *See* 28 U.S.C. 2255, Rule 8. If Rocha is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and Rocha will be entitled to file and out-of-time appeal, regardless of whether he is able to identify any arguably meritorious ground for appeal that would not be precluded by the terms of his waiver of appeal.

## III.  CONCLUSION

Upon reviewing Rocha's petition, the Court believes that an evidentiary hearing is required. This hearing will be held for the limited purpose of determining whether Rocha requested that his attorney file a notice of appeal. Counsel for Rocha will be appointed by the Court for this matter. *See* 18 U.S.C. § 3006A(a)(2)(B).

The United States Marshal is **ORDERED** to produce before the Court Petitioner Edgar Hugo Hylde Rocha-Lumbreras, inmate number 72103-179, on **August 4, 2008** at 9:00 a.m. It is further **ORDERED** that the following parties appear on the same date and time for a hearing on Rocha's cause: (1) the United States Attorney; (2) counsel for Rocha; and (3) Attorney John Paul.

IT IS SO ORDERED.

SIGNED this 28th day of May, 2008.

_____
Micaela Alvarez
United States District Judge